Honorable Steve Vossmeyer Representative, District 86 Room 412, State Capitol Building Jefferson City, Missouri 65101
Dear Representative Vossmeyer:
This opinion letter is being issued in response to your request for a ruling on the following two questions:
 a. Is the Missouri State Highway Patrol authorized to use highway funds to meet the expenses of criminal investigations conducted pursuant to Section 43.180, RSMo 1969?
 b. Can highway funds be allocated to provide for retirement benefits for members of the Highway Patrol engaged in criminal investigation?
It is the conclusion of this office that the answer to both of the above questions is no.
Section 43.180, RSMo 1969, provides:
 "The members of the state highway patrol, with the exception of the director of radio and radio personnel, shall have full power and authority as now or hereafter vested by law in peace officers when working with and at the special request of the sheriff of any county, or the chief of police of any city, or under the direction of the superintendent of the state highway patrol, or in the arrest of anyone violating any law in their presence or in the apprehension and arrest of any fugitive from justice on any felony violation. The members of the state highway patrol shall have full power and authority to make investigations connected with any crime of any nature. The expense for the patrol's operation under this section shall be paid monthly by the state treasurer chargeable to the general revenue fund, provided, however, the amount appropriated from the general revenue fund shall not exceed ten percent of the total amount appropriated for the Missouri state highway patrol."
This section specifically states that all activities authorized by it are to be paid for from the state's general revenue fund. There is no statutory or constitutional definition of "general revenue fund." State Highway Commission v. Spainhower,504 S.W.2d 121 (Mo. 1973). However, State ex rel. Gass v. Gordon,181 S.W. 1016 (Mo. 1915), is helpful in determining the meaning of the phrase. In that case, the Supreme Court found it necessary to define "ordinary revenue" in a statute which provided that one-third of the state's ordinary revenue should be used to support public education. The court held that ordinary revenue meant the annual and current income of the state, however derived, which is subject to appropriation for general use. That excludes all income that the constitution or statutes specifically devote to a special purpose or which is to be paid into a special fund, e.g. license fees collected on motor vehicles, etc. While ordinary revenue and general revenue are not necessarily synonymous, the terms have both been assigned the same meaning by the state Supreme Court,State ex rel. Spink v. Kemp, 283 S.W.2d 502 (Mo.Banc 1955), and by the state legislature. See Section 258.520, V.A.M.S., and Section 33.080, RSMo 1969.
The above definition makes it apparent that highway funds are not part of the general revenue fund. Article IV, Section30(b), Constitution of the State of Missouri, provides that all state revenue derived from highway users including all state license fees and taxes on motor vehicles and motor fuels and all taxes on the privilege of manufacture, receipt, storage, distribution, sale or use of motor vehicles and fuels, shall be credited to a special fund to be used for state highway purposes. Also, see Section 226.200, RSMo 1969, and Section 226.220, RSMo 1969.
Furthermore, highway funds can only be used for those purposes enumerated in Article IV, Section 30(b), Constitution of the State of Missouri, and Section 226.200, RSMo 1969. Section226.200.2(6) authorizes the use of highway department funds for the enforcement of state vehicle laws and traffic regulations. This would be sufficient to justify the use of highway funds for most activities the Highway Patrol is engaged in. However, Section43.180 clearly authorizes the Highway Patrol to conduct criminal investigations totally unrelated to the enforcement of vehicle laws and traffic regulations. For such activities the use of highway funds would be contrary to law.
Further support for our position can be found in Section43.100, RSMo 1969, which provides:
 "All salaries and expenses of members of the patrol and all expenditures for vehicles, equipment, arms, ammunition, supplies and salaries of subordinates and clerical force and all other expenditures for the operation and maintenance of the patrol in the enforcement of any state motor vehicle law or in the regulation of traffic on highways maintained and constructed by the state highway commission under the duties described in section 43.160 shall be paid monthly and shall be paid by the state treasurer out of the proceeds of state motor vehicle fees and license taxes and state taxes on the sale or use of motor vehicle fuels as provided in section 30 of article IV of the constitution of this state upon warrants drawn by the state auditor based upon bills of particular and vouchers certified by the officer or employee designated by the commission."
The precursor of this section, Laws, 1931, p. 20, Section 20, provided that all salaries, expenses and expenditures of the Highway Patrol should be paid out of the proceeds of state motor vehicle fees and license taxes and taxes on the sale and use of fuel. It did not contain a provision authorizing payment from the Highway Department fund only for those activities related to the enforcement of motor vehicle laws or regulation of traffic. This provision first appeared in Section 43.100, RSMo 1969, enacted in 1943. It is significant that Section43.180, RSMo 1969 (Laws, 1943, p. 656, Section 8358(a)), authorizing the Highway Patrol to make criminal investigations and authorizing payment from the general revenue fund for those investigations was first enacted in the same legislative session as Section 43.100, RSMo 1969 (Laws, 1943, p. 652, Section 8365(a)). These two sections are in pari materia and should be construed together. State ex rel. Cairo Bridge Commission v. Mitchell,181 S.W.2d 496 (Mo.Banc 1944); Ex Parte Rody, 152 S.W.2d 657
(Mo.Banc 1941). Analyzed as a unit, it would seem apparent that the changes made by Section 43.100, RSMo, and the provisions in Section 43.180 authorizing the cost of criminal investigations to be charged to the general revenue fund were intended by the legislature to avoid any possible conflict with Article IV, Section30(b), Missouri Constitution. It is therefore the conclusion of this office that the legislature did not intend that the cost of the Highway Patrol's criminal investigations would be charged to the Highway Department fund. It is also the conclusion of this office that the legislature intended that these expenses would be paid for from the general revenue fund.
In your second question, you ask whether highway funds can be allocated to provide for retirement benefits for members of the Highway Patrol engaged in criminal investigation. Section226.200.2(5), RSMo, states that Highway Department funds may be used for the Highway Department's share in any retirement program for state employees, only as may be provided by law. We have found no law which authorizes the Highway Patrol to use Highway Department funds to provide retirement benefits for patrol members who are engaged in criminal investigation. It is, therefore, the conclusion of this office that highway funds may not be allocated by the Highway Patrol to provide retirement benefits for members of the patrol engaged in criminal investigation.
Therefore, it is our view that the Missouri State Highway Patrol may not use highway funds to meet the expenses of criminal investigations conducted pursuant to Section 43.180, RSMo 1969, nor can highway funds be used to provide retirement benefits for members of the Highway Patrol engaged in criminal investigation.
Very truly yours,
 JOHN C. DANFORTH Attorney General