FILED 141
Honorable George W. Lehr State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Lehr:
This opinion is in response to your request as follows:
 "Is investment income, earned from the Workmen's Compensation Fund, Section 287.710, RSMo, required to be credited to that Fund or to general revenue?"
The Workmen's Compensation Fund (the Fund) is established in Section 287.710, RSMo Supp. 1975 (see Section 287.147 for reference). Section 287.710.4 states:
 "The tax collected for implementing the workmen's compensation fund under the police power of the state from those specified in sections 287.690, 287.715, and 287.730 shall be used for the purpose of making effective the law to relieve victims of industrial injuries from having individually to bear the burden of misfortune or becoming charges upon society and for the further purpose of providing for the physical rehabilitation of the victims of industrial injuries, and for no other purposes. It is hereby made the express duty of every person exercising any official authority or responsibility in and for the state of Missouri sacredly to safeguard and preserve all funds collected under and by virtue of sections 287.690, 287.715, and 287.730 for the purposes hereinabove declared."
Section 30.240, RSMo, states:
 "The state treasurer shall hold all state moneys, all deposits thereof, time as well as demand, and all obligations of the United States government in which such moneys are placed for the benefit of the respective funds to which they belong and disburse the same as authorized by law. All yield, interest, income, increment, or gain received from the time deposit of state moneys or their investment in obligations of the United States government shall be credited by the state treasurer to the general revenue."
The quoted language of Section 287.710.4 raises a question of legislative intent concerning whether interest earned on investment of the Fund is required to be credited to the Fund or to general revenue, pursuant to Section 30.240, RSMo.[1]
This office has previously held that a statute, which created a specific fund, and which included express language requiring all interest and income earned through operation of the fund to be credited to the fund, prevails over the requirements of Section 30.240, RSMo. Opinion Letter No. 76, Jaeger, January 13, 1971 (copy enclosed). The reasoning of that opinion was that the section in question, Section 253.360(1), RSMo, related to a specific fund and was enacted subsequent to Section 30.240.
The previously-quoted language of Section 287.710.4 does not contain a comparable express requirement to credit earned interest to the Fund. However, it does contain language limiting the use of the fund to the stated purposes "and for no other purposes." It contains additional language charging all responsible officials ". . . to safeguard and preserve all funds collected . . . for the purposes hereinabove declared."
Therefore, we look to other precedent. In the case of StateHighway Commission v. Spainhower, 504 S.W.2d 121 (Mo. 1973), the Missouri Supreme Court considered the issue of whether interest earned on the state road fund should be credited to that fund or to general revenue. In concluding that interest should be credited to the state road fund, the court relied on language in ArticleIV, Section 30(b) of the Missouri Constitution which stated the revenues ". . . shall be credited to a special fund . . . for the following purposes, and no other: . . ." The court stated at page 125:
 ". . . With the state road fund so restricted against transfer or use for any other purpose, interest or income from such fund must be credited to that fund under Article IV, Section 15, and held against withdrawal or use for any purpose other than state highway purposes, including diversion to the general revenue fund."
As seen, the language pertaining to the two funds is extremely similar. In general, a constitutional provision is subject to the same rules of construction as statutes, with due regard being given to the broader scope and objects of the Constitution. State ex inf.Martin ex rel. Binger v. City of Independence, 518 S.W.2d 63 (Mo. 1974); Wring v. City of Jefferson, 413 S.W.2d 292 (Mo.Banc 1967);State ex rel. Curators of the University of Missouri v. Neill,397 S.W.2d 666 (Mo.Banc 1966). Therefore, we conclude that the same conclusion reached in State Highway Commission, supra, must result under the facts presented.
CONCLUSION
It is the opinion of this office that income earned from investment of money in the Workmen's Compensation Fund, Section 287.710, RSMo, is required to be credited to that fund.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Andrew Rothschild.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. Ltr. No. 76 Jaeger, 1-13-71
[1] Because of the conclusion reached in this opinion, it is unnecessary to consider the interpretation question implied by the court in State Highway Commission v. Spainhower, 504 S.W.2d 121, 125 (Mo. 1973). In that case, the court implied that the term "general revenue," as used in Section 33.240, RSMo, was susceptible to an interpretation as constituting collectively all funds maintained by the State Treasurer and not, as traditionally viewed, constituting one general fund separate from the other specially created funds.