FILED 123
Honorable James I. Spainhower State Treasurer of Missouri Capitol Building Jefferson City, Missouri 65101
Dear Mr. Spainhower:
This is in response to your request for an opinion on the following question:
 "Do the funds recovered from checks written from the Conservation Commission Fund, which are not presented for payment within one year, revert to the above fund or the General Revenue Fund of the State?"
Article IV. Section 40(a) of the Missouri Constitution vests exclusively in the Conservation Commission the control, management, restoration, conservation and regulation of the bird, fish, game, forestry and all wildlife resources of this state, together with the administration of all laws pertaining thereto. Article IV, Section 43 of the Missouri Constitution provides as follows:
 "The fees, moneys, or funds arising from the operation and transactions of the commission and from the application and the administration of the laws and regulations pertaining to the bird, fish, game, forestry and wildlife resources of the state and from the sale of property used for said purposes, shall be expended and used by the commission for the control, management, restoration, conservation and regulation of the bird, fish, game, forestry and wildlife resources of the state, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto, and for no other purpose."
(Emphasis added)
The language underlined above, given its plain and ordinary meaning, suggests that all revenues derived through the operations of the Conservation Commission may be expended only for the purposes enumerated in that section, and that only the Conservation Commission is authorized to make the expenditures. Although the power of the General Assembly to appropriate from general revenue is supreme, nonetheless it is subject to constitutional limitations. State ex rel. Davis v. Smith, 75 S.W.2d 826
(Mo. 1934).
In Marsh v. Bartlett, 121 S.W.2d 737 (Mo.Banc 1938), the Missouri Supreme Court examined what is now Article IV, Section40(a) of the Missouri Constitution, which vests in the Conservation Commission extensive administrative authority. The court observed that in adopting their Constitution the people of this state expressly reserved the right to exercise the power to enact laws "without let or hinderance of the General Assembly." The court continued as follows:
 ". . . This power, a political one, and the exercise of its functions is of the essence of sovereignty which resides in the people. In the Bill of Rights . . . it is declared `That all political power is vested in and derived from the people; that all government of right originates from the people, is founded upon their will only, and is instituted solely for the good of the whole.'
* * *
 "But the present attempt to exercise it does not deprive the legislative department of the government of its power or functions but relates to only a small portion of the power reserved to the people, the exercise of which suspends and supersedes the power of the legislature as to that portion alone. . . ." Id. at p. 743.
As you note in your opinion request, however, Section 30.200
requires that outstanding checks or drafts be presented for payment within one year from the date of issuance. That section continues as follows:
 ". . . All moneys set aside to pay any outstanding check or draft which has not been presented for payment as required by this section shall be transferred to the general revenue. . . ."
The obvious objective of this provision is to return unused funds to general revenue in order that they may be appropriated by the legislature in future years. Yet Article IV, Section 43 appears to vest solely in the Conservation Commission the authority to expend all fees, moneys, or funds arising from the operation and transactions of the Commission and from the application and the administration of the laws and regulations pertaining to the bird, fish, game, forestry and wildlife resources of this state.
Under Missouri law it is well established that a statute must be construed to avoid a conflict with the Constitution if such is possible. State ex rel. State Highway Commission v. Paul,368 S.W.2d 419, 422 (Mo.Banc 1963). In State Highway Commissionv. Spainhower, 504 S.W.2d 121 (Mo. 1973), the Missouri Supreme Court considered a question similar to the one you have posed for it concerned a constitutionally established fund. In that case the State Highway Commission contended that when the treasurer invested state road funds pursuant to Section 30.240, the State Highway Commission was entitled to the interest thereon. The state treasurer argued that under Section 30.240 he was required to credit all "yield, interest, income, increment, or gain" received from investments to the general revenue.
In attempting to harmonize the constitutional and statutory provisions, the Missouri Supreme Court described the objective of Article IV, Section 30(b) of the Missouri Constitution as follows:
 ". . . It is clear, however, that the people of Missouri, by Article IV, Section 30(b), . . . intended that no money be diverted from the state road fund and no other use be permitted of the fund except for the enumerated state highway purposes. Pohl v. State Highway Commission, 431 S.W.2d 99, 104-105, 106
(Mo.banc 1968). With the state road fund so restricted against transfer or use for any other purpose, interest or income from such fund must be credited to that fund under Article IV, Section 15, and held against withdrawal or use for any purpose other than state highway purposes, including diversion to the general revenue fund." State Highway Commission v. Spainhower, supra, at p. 125.
It is equally clear that the people of Missouri, by Article IV, Section 43 intended that no money be diverted from the Conservation fund and no other use be permitted of the fund except for the enumerated conservation purposes.
In State Highway Commission v. Spainhower, however, the court found no conflict between the constitutional and statutory provisions because Section 30.240 required the state treasurer to hold all state moneys "for the benefit of the respective funds to which they belong." Id. at 125. Section 30.200, RSMo, contains no comparable language, and we are forced to conclude that a conflict exists between Article IV, Section 43 of the Constitution and this section.
The conflict between Article IV, Section 43 of the Missouri Constitution and Section 30.200, RSMo, is resolved by reference to Article IV, Section 44 of the Constitution, which provides as follows:
 "Sections 40-43, inclusive, of this article shall be self-enforcing, and laws not inconsistent therewith may be enacted in aid thereof. All existing laws inconsistent with this article shall no longer remain in force or effect."
The first sentence quoted above authorizes the legislature to enact only those "laws not inconsistent" with Article IV, Section 43. By enacting Sections 40 through 44, the people clearly intended the Conservation Commission Fund to be used for only the enumerated purposes as determined by the Conservation Commission.State Highway Commission v. Spainhower, supra, at 125. If moneys that are set aside are returned to general revenue pursuant to Section 30.200, RSMo, those sums would be available to the General Assembly to appropriate for purposes other than those established by the Conservation Commission. By virtue of Sections 43 and 44 of Article IV of the Missouri Constitution, the General Assembly is without authority to require by statute that these funds be transferred to general revenue.
We enclose Opinion Letter 158, rendered July 1, 1975, which makes the same holding concerning moneys set aside to pay outstanding checks or drafts on the State Highway Fund or the State Road Fund.
Very truly yours,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. Ltr. No. 158, 7/1/75, Spainhower