DEPARTMENT OF WILDLIFE CONSERVATION — INTEREST ACCRUING TO WILDLIFE CONSERVATION FUND The Department of Wildlife Conservation is entitled to the interest accruing from the revolving fund created in the State Treasury by 29 O.S. 3-302 [29-3-302] (1975). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Is the Department of Wildlife Conservation entitled to the interest accruing from the revolving fund created in the State Treasury by 29 O.S. 3-302 [29-3-302] (1975)? Pursuant to 62 O.S. 74 [62-74] (1971), the State Treasurer is designated to act as the official depository for all state monies. Each state agency is required by statute (62 O.S. 7.1 [62-7.1] (1975)) to deposit daily all monies received by that agency in either an agency clearing account created by 62 O.S. 7.1 [62-7.1] (1975), or an agency special account established pursuant to the provisions of 62 O.S. 7.2 [62-7.2] (1975). With only a few exceptions, the monies deposited with the State Treasurer are not segregated by particular fund or source, but are commingled in the account of the State Treasurer. Subject to certain guidelines and restrictions not material to the question being considered, the State Treasurer is required by 62 O.S. 89.2 [62-89.2] (1975) to invest the maximum amount of funds under his control consistent with what in his judgment constitutes good business practice. The interest received from the Treasurer's investments is credited to the general revenue fund pursuant to 62 O.S. 203 [62-203] (1971). A revolving fund known as the Wildlife Conservation Fund is created in the State Treasury by 29 O.S. 3-302 [29-3-302](A) (1975), and provides that said fund shall consist of all monies of the State Game and Fish Fund, all license fees, penalties, fines or forfeitures and bond forfeitures, all donations, as well as all monies received by the Department of Wildlife Conservation and all interest accruing therefrom. Paragraph C of said Section limits the use of the fees, monies, or funds to purposes of the Department only. Paragraphs A and C of 29 O.S. 3-302 [29-3-302] (1975) state, respectively, as follows: "A. There is hereby created in the State Treasury a revolving fund to be known as the Wildlife Conservation Fund, which shall consist of all monies heretofore or hereafter appropriated to, on deposit in, or credited to the State Game and Fish Fund created by 29 O.S. 115 [29-115] and, in addition thereto, all license fees, penalties, fines or forfeitures and bond forfeitures collected by the state, any subdivision thereof, any public official or any other person for the violation of the wildlife conservation laws of this state, and all donations for such purposes as well as all monies received by the Department and all interest accruing therefrom. "C. All fees, monies or funds arising from the operation and transactions of the Commission and from the application and administration of the laws and regulations pertaining to the wildlife resources of the State and from the sale of property used for said purposes shall be expended and used by said Commission for the control, management, restoration, conservation and regulation of the wildlife resources of the State, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto and for no other purposes." Paragraph C is materially the same as Article XXVI, Section 4 of the Oklahoma Constitution, which states as follows: "The fees, monies, or funds arising from the operation and transactions of said Commission and from the application and the administration of the laws and regulations pertaining to the bird, fish, game and wildlife resources of the State and from the sale of property used for said purposes shall be expended and used by said Commission for the control, management, restoration, conservation and regulation of the bird, fish, game and wildlife resources of the State, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto and for no other purpose." The Wildlife Conservation Fund consists of monies arising from the operation and transactions of the Department of Wildlife Conservation. Prior to 1956 the use of the funds of the Department was governed by statute. On July 3, 1956, Article XXVI, Section 4 of which restricts the use of the Department's monies was adopted. It is apparent that the intent of the people when they adopted said Section was to guarantee that none of the fees, monies, or funds arising from the operation and transactions of the Wildlife Conservation Commission would be used for any other purpose. Your question requires a determination of whether the use of any interest which may accrue from such fees, monies, or funds, is likewise restricted. The Supreme Court of Oregon, in State v. Straub, 400 P.2d 229
(Or. 1965) (opinion clarified at 401 P.2d 29), held that interest attributable to a special highway fund, the use of which was restricted by the Oregon Constitution with the provision that the "proceeds" of the monies must be spent for highway purposes only, could not be paid into the general fund. In concluding that "proceeds" included the interest the monies earned while in the custody of the State Treasurer, and that by implication the interest was to be credited to the fund from which it accrued, the Court stated as follows: "It is recognized that the people's approval of the amendment to the Article IX, Section 3 provides no actual expression of a will and intent that interest that may be earned by the accumulated revenues controlled by the amendment should accrue to the highway fund. There is a strong inference, however, that the clear intent of the people to compel the specific revenues to be used for one purpose implied that it would include all of the interest that would accrue during the State Treasurer's holding of the revenues for their eventual use. We so hold." (Pg. 233) The Court, in State v. Straub, supra., cited as authority for its holding the Court of Civil Appeals of Texas case, Lawson v. Baker,220 S.W. 260 (Tex. 1920) which involved the constitutionality of an act which provided that all interest accruing from the deposit of special funds in banks was to become a part of the general revenue. In considering whether interest earned by a special fund created or defined in the Constitution could lawfully be diverted to any other fund, or to any other than the constitutionally declared purpose, the Court stated as follows: "The act provides that the interest upon all funds shall become part of the general revenue. Interest, according to all of the authorities, is an accretion to the principal fund earning it, and, unless lawfully separated therefrom, becomes a part thereof. We think it is clear that the interest earned by deposit of special funds is an increment that accrues to such special fund, and any attempt of the Legislature to make such interest a part of the general revenue is futile, in the face of the constitutional provisions creating or dedicating these funds to special purposes. The broad language of the act would seem to make the interest upon all funds, whether general or special, become a part of the general revenue, and this portion of the law, if so construed, would authorize a diversion of the special funds from their constitutional purpose, . . . and would be unconstitutional and void . . ." (Pg. 272) In State Highway Commission v. Spainhower, 504 S.W.2d, 121
(Mo. 1973), the Supreme Court of Missouri held that interest from the investment of a constitutionally created road fund had to be credited to such fund and not diverted to a general revenue fund. One section of the Constitution provided that all revenue collected and monies received by the state from any source whatsoever was to go promptly into the State Treasury, and that all interest, income and returns therefrom, was to belong to the state. Another section provided that all state revenue derived from highway users as an incident to their use or right to use the highways of the state were to be credited to a special fund and used for certain enumerated road purposes, "and no other." By statute, a state road fund was created to receive all monies and credits from enumerated sources, and payments for expenditures therefrom were limited to certain specified procedures or purposes. In reaching its decision, the Court stated as follows: ". . . It is clear, . . . that the people of Missouri, by Article IV, Section 30(b), and the General Assembly, by its enactment of Section 226.220, supra, in interpretation of Article IV, Section 30(b), intended that no money be diverted from the state road fund and no other use be permitted of the fund except for the enumerated state highway purposes. citing authority With the state road fund so restricted against transfer or use for any other purpose, interest or income from such fund must be credited to that fund under Article IV, Section 15, and held against withdrawal or use for any purpose other than state highway purposes, including diversion to the general revenue fund." (Pg. 125) The constitutional and statutory provisions considered in the State Highway Commission v. Spainhower case are similar to the constitutional and statutory provisions applicable to the instant question. The fees, monies, or funds arising from the operation and transactions of the Department of Wildlife Conservation are restricted by Article XXVI, Section 4 of the Oklahoma Constitution to uses pertaining to the wildlife resources of the State. The Legislature vitalized such constitutional mandate by enactment of Paragraph C of 29 O.S. 3-302 [29-3-302] (1975). By Paragraph A of said section, the Legislature created a special fund (i.e., the Wildlife Conservation Fund) in the State Treasurer's office to receive the monies of the Department. Paragraph A expressly states that said Wildlife Conservation Fund shall consist of all interest accruing from all the monies received by the Department. The language of 29 O.S. 3-302 [29-3-302], supra, regarding interest was added by the 1974 codification of the Oklahoma Wildlife Conservation Code, and is a revision of Paragraph (a) of 29 O.S. 126 [29-126] (1971), which, except for the interest provision, contained substantially the same language as Paragraphs A and C of 29 O.S. 3-302 [29-3-302], supra. Accordingly, the intent of the people of the state, in adopting ArticleXXVI, Section 4 of the Oklahoma Constitution was that no money arising from the operation and transactions of the Department of Wildlife Conservation was to be diverted from the Wildlife Conservation Fund. The Legislature, by its enactment of 29 O.S. 3-302 [29-3-302] (1975), intended that no money be diverted from said fund. Further, by expressed language, the Legislature intended that all interest accruing to said fund was to be credited to said fund, thereby precluding the diversion of such interest to the general revenue fund. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Department of Wildlife Conservation is entitled to the interest accruing from the revolving fund created in the State Treasury by 29 O.S. 3-302 [29-3-302] (1975). (HAROLD B. McMILLAN) (ksg)