

# The Attorney General of Texas

June 6, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas 78701

Opinion No. H- 1174

Re: Use of investment income from school bond proceeds.

Dear Dr. Brockette:

You inquire about the purposes for which a school district may use interest earned on the investment of school bond proceeds. You inform us that an independent school district issued bonds for the air conditioning, heating, and lighting of school buildings and the construction of a stadium. All the purposes of the bond issue have been accomplished except for the improvement of one building, which is old and which the school board has determined should be replaced. All of the original bond proceeds have been spent, but there remains on hand over one million dollars earned by investing the bond proceeds pursuant to section 20.42 of the Education Code. You wish to know whether the interest earned on the proceeds may be used to construct a new school building.

Section 20.42 of the Education Code provides that school districts which have bond proceeds not immediately needed may place them in an interest bearing time deposit or invest them in obligations of the United States. The following provision is made for the redemption of deposits and investments:

> [W]hen such sums so placed or so invested by a school district are needed for the purposes for which the bonds of the school district were originally authorized, issued and sold, such time deposits or bonds or other obligations of the United States of America in which such sums have been placed or invested shall be cashed, sold or redeemed and <u>the proceeds thereof</u> shall be used for the purposes for which the bonds of the school district were originally authorized, issued and sold.

Sec. 20.42 (emphasis added).  In our opinion, this provision requires that the entire amount realized upon the redemption of investments "be used for the purposes for which the bonds of the school district were originally authorized, issued and sold." We believe that the statutory language "the proceeds thereof" refers to the proceeds of the investment, and not merely to the original bond proceeds.  Thus the use of interest is subject to the same restraints as the use of bond proceeds.

The meaning of section 20.42 becomes clearer when the language of a similar statute is examined.  Article 708b, V.T.C.S., provided for the investment of bond proceeds in obligations of the federal government when wartime labor and materials shortages delayed construction.  This statute provides in part:

> [T] he obligations of the United States in which said proceeds
> are invested shall be sold or redeemed and the proceeds of
> said obligations shall be used for the purpose for which the
> bonds of any such political subdivision were authorized.

V.T.C.S. art. 708b (emphasis added).  This language makes it clear that the proceeds of the obligations, and not merely of the bonds, are to be devoted to authorized purposes.  See also V.T.C.S. art. 1269j-3; Attorney General Opinion V-1182 (1951).

The disposition of interest provided by section 20.42 also follows the general rule that interest on a special fund becomes part of that fund.  The court in Lawson v. Baker, 220 S.W. 260, 272  (Tex. Civ. App. — Austin 1920, writ ref'd) stated as follows:

> Interest, according to all the authorities, is an accretion to
> the principal fund earning it, and, unless lawfully separated
> therefrom, becomes a part thereof.

See also State Highway Commission v. Spainhower, 504 S.W.2d 121 (Mo. 1973); Union County Park Commission v. Board of Chosen Freeholders of Union County, 142 A. 428 (N.J. S. Ct. 1928) (interest on bond proceeds constitutes part of proceeds); State v. Straub, 400 P.2d 229 (Ore. 1965) (en banc) ("proceeds" of gasoline and vehicle tax fund includes interest).

This general rule, however, is subject to modification by the issuer at the time of the issuance of the bonds by means of specific language in the bond covenants to bondholders; i.e., by clear specification of the sources of security for repayment of the bonds, the issuer may exclude "interest proceeds" from "bond proceeds" in the disposition of funds, if there are no other prohibitions to their "lawful separation," as in Lawson.

When we refer to this specific opinion request, it appears that such covenants were utilized to join, rather than separate these "proceeds," in that the original

bond order established only one fund, i.e., an interest and sinking fund. Since the principal maturities of these bonds occur from 1980 to 1989, these covenants are still binding on the district.

We note that Attorney General Opinion C-537 (1965) stated in dicta that the predecessor of section 20.42 "does not specify what use may be made of the interest earned on such investment." A brief submitted to us suggests that this language permits the district to spend interest on construction projects not authorized at the time the bonds were issued. We do not believe that section 20.42 or Attorney General Opinion C-537 allows the school district to do so.

Bond proceeds may be used only for the purposes for which they are voted. Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960); Lewis v. City of Fort Worth, 89 S.W.2d 975 (Tex. 1936); Attorney General Opinion H-968 (1977). Thus, the proceeds in this instance may be spent only for air conditioning, heating, and lighting of school buildings or the construction of a stadium. We do not address the question of whether a more broadly written electoral proposition would permit covenants in the bond order to allow investment proceeds to be expended consistent with the proposition's grant of a more general authority.

You also ask what may lawfully be done with the interest, if it cannot be spent to build a new school. It need not be spent on improving the old school, if materially changed conditions have rendered that project an unwise and unnecessary expenditure of public funds. Hudson v. San Antonio Independent School District, 95 S.W.2d 673 (Tex. 1936). Section 20.05 of the Education Code provides a procedure for refunding any outstanding bonds. The interest may also be placed in the sinking fund for the retirement of bonds. See Attorney General Opinions C-537 (1965); O-6973 (1945).

### SUMMARY

Interest earned on the investment of school bond proceeds pursuant to section 20.42 of the Education Code must be spent for purposes authorized for the bond proceeds. Interest not needed for those purposes may be placed in the sinking fund or used to refund bonds pursuant to section 20.05 of the Education Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn