Dear Mr. Antonio:
This opinion is in response to your question asking:
 To what fund is the interest earned by a county on money which the county receives from the County Aid Road Trust Fund to be credited?
You have also stated that there is no uniformity in the counties regarding the crediting of the interest in that some counties credit the interest to the general revenue fund and others credit the interest to the road and bridge fund.
You have called our attention to subsection 2 of § 110.150, RSMo, which provides:
 The interest upon each fund shall be computed upon the daily balances with the depositary, and shall be payable to the county treasurer monthly, who shall place the interest on the school funds to the credit of those funds respectively, the interest on all county hospital funds and hospital district funds to the credit of those funds, the interest on county health center funds to the credit of those funds and the interest on all other funds to the credit of the county general fund.
You have also called our attention to § 231.441, RSMo, which provides:
 1. All moneys received by a county from the county aid road trust fund shall be used within the county solely for the construction, reconstruction, maintenance and repairs of roads, bridges and highways as the county court shall direct. The county court shall formulate by written regulations, rules and policies for the use of such funds which shall be kept on file by the county recorder for public inspection. The state highway commission shall have no authority to promulgate rules and regulations concerning the expenditure of such funds and all such rules and regulations heretofore promulgated shall be null and void.
 2. The state treasurer by the tenth day of each month shall remit to the county treasurer of each county its allocated share of the county aid road trust fund.
Subsection 1(1) of § 30(a), Art. IV, of the Constitution of Missouri, provides in pertinent part:
 The funds credited to each county shall be used by the county solely for the construction, reconstruction, maintenance and repairs of roads, bridges and highways, and subject to such other provisions and restrictions as provided by law. . . .
In State Highway Commission v. Spainhower, 504 S.W.2d 121
(Mo. 1973), the Missouri Supreme Court stated at l.c. 125:
 It is clear, however, that the people of Missouri, by Article IV, Section 30(b), and the General Assembly, by its enactment of Section 226.220, supra, in interpretation of Article IV, Section 30(b), intended that no money be diverted from the state road fund and no other use be permitted of the fund except for the enumerated state highway purposes. Pohl v. State Highway Commission, 431 S.W.2d 99, 104-105, 106 (Mo. banc 1968). With the state road fund so restricted against transfer or use for any other purpose, interest or income from such fund must be credited to that fund under Article IV, Section 15, and held against withdrawal or use for any purpose other than state highway purposes, including diversion to the general revenue fund.
While the court referred to § 30(b) of Art. IV and the state road fund, we believe that the same conclusion follows with respect to the County Aid Road Trust Fund under § 30(a) of Art. IV.
It is therefore our view that it would be improper to credit such interest to the general revenue fund of the county notwithstanding the provisions of subsection 2 of § 110.150. The interest from the funds which are paid to the county should be used only for the purposes authorized by § 30(a) of Art. IV and therefore should be paid into the county road and bridge fund.
CONCLUSION
It is the opinion of this office that interest earned by a county on money which the county receives from the County Aid Road Trust Fund should be credited to the county road and bridge fund and not to the county general revenue fund.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General