Dear Dr. Mallory:
This opinion is in response to your question asking:
 Should interest earned on money in the School District Trust Fund as defined in Section 144.701, RSMo, be deposited to the School District Trust Fund and distributed in accordance with Section 163.087, RSMo?
Section 144.700.1, RSMo Supp. 1984, states:
 All revenue received by the director of revenue from the tax imposed by sections 144.010 to 144.430 and 144.600 to 144.745, except that revenue derived from the rate of one cent on the dollar of the tax which shall be held and distributed in the manner provided in section 144.701, shall be deposited in the state general revenue fund, including any payments of the taxes made under protest. [Emphasis added.]
Section 144.701, RSMo Supp. 1984, states:
 The revenue derived from the rate of one cent on the dollar of the tax imposed by sections 144.010 to 144.430 and sections 144.600
to 144.745 which shall be deemed to be local tax revenue, shall be deposited by the state treasurer in a special trust fund, which is hereby created, to be known as the "School District Trust Fund". The money in the fund shall be distributed to the public school districts of the state in the manner provided in section 163.087, RSMo, and shall be appropriated
and used for no other purpose; except that, of all refunds made of taxes collected under the provisions of sections 144.010 to 144.430 and sections 144.600 to 144.745, the appropriate percentage of any refund shall be paid from the school district trust fund, and except that the state may retain a fee as a charge for collecting and disbursing moneys so deposited, and transfers may be made from the fund as provided in section 164.013, RSMo. The state collection fee shall not exceed two and one-half million dollars or one percent of the amount deposited in the fund, whichever is less. The fee shall be negotiated annually through the appropriation process. Any balance remaining in the fund at the end of an appropriation period shall not be transferred to general revenue, and the provisions of section 33.080, RSMo, shall not apply to the fund. Moneys in the trust fund shall be invested by the state treasurer in the same deposits and obligations in which state funds are authorized by law to be invested, except that the deposits and obligations shall mature and become payable in time for distribution of the funds as provided in section 163.087, RSMo. [Emphasis added.]
Section 163.087, RSMo Supp. 1984, states:
 1. Money in the school district trust fund shall be distributed to each six-director, including special districts, urban and metropolitan school district in the state in the same ratio that the number of eligible pupils in the district bears to the total number of eligible pupils in all such school districts for the preceding year. As used in the preceding sentence, the term "eligible pupils"
has the meaning ascribed to it in section 163.011. In addition, each such district which is providing an approved program for pupils residing on federal lands shall receive an amount which shall be determined as follows:
 An eligible pupil count for pupils residing on federal lands shall be calculated separately for the district in the manner provided in section 163.011, treating such pupils as residents of the district for this purpose. Such eligible student count shall be multiplied by one-half of the amount to be received by the district per eligible pupil not residing on federal lands.
 2. Money in the fund shall be distributed monthly on or before the fifteenth day of each month. The state board of education shall certify the amounts to be distributed to the several school districts to the commissioner of administration who shall issue the warrants therefor.
 3. Money received by a school district from the school district trust fund shall be deemed to be local tax revenue derived for the same fiscal year in which the money is received,
for the teachers, incidental and building funds, and may be deposited to such funds of the district in such proportions as the school board determines provided a minimum of seventy-five percent of one-half of such funds received shall be deposited in the teachers fund. The reduction in the operating levy pursuant to section 164.013, RSMo, shall be made proportionally in the funds where the remaining one-half of the money from the school district trust fund is deposited. In the calculation of state aid for the district under the provisions of section 163.031, fifty-seven percent of one-half the amount received by the district in the first preceding year shall be deducted from the minimum guarantee in the same manner that is prescribed in such section for deduction from the amounts received by the district from fines, forfeitures, escheats and intangible taxes. [Emphasis added in part.]
Article IV, Section 15, Missouri Constitution, states in part:
 The state treasurer shall be custodian of all state funds. All revenue collected and moneys received by the state from any source whatsoever shall go promptly into the state treasury, and all interest, income and returns therefrom shall belong to the state. Immediately on receipt thereof the state treasurer shall deposit all moneys in the state treasury to the credit of the state in banking institutions selected by him and approved by the governor and state auditor, and he shall hold them for the benefit of the respective funds to which they belong and disburse them as provided by law. . . . No duty shall be imposed on the state treasurer by law which is not related to the receipt, investment, custody and disbursement of state funds. [Emphasis added.]
Section 30.240, RSMo Supp. 1984, states in part:
 Unless otherwise provided by law, all yield, interest, income, increment, or gain received from the time deposit of state moneys or their investment in obligations of the United States government shall be credited by the state treasurer to the general revenue. [Emphasis added.]
The "[u]nless otherwise provided by law" language of this statute was added by C.C.S.S.B. 497, 1982 Missouri Laws 650, possibly to ensure that interest earned on the Crime Victims' Compensation Fund be credited to that fund, see Section 595.045.4, RSMo Supp. 1984.Cf. Section 110.150.2, RSMo Supp. 1984 (county depositary law).
In State ex rel. Thompson v. Board of Regents for NortheastMissouri State Teachers' College, 305 Mo. 57, 264 S.W. 698 (Banc 1924), the court stated:
 By revenue, whether its meaning be measured by the general or the legal lexicographer, is meant the current income of the state from whatsoever source derived which is subject to appropriation for public uses. This current income may be derived from various sources, as our numerous statutes attest, but, no matter from what source derived, if required to be paid into the treasury, it becomes revenue or state money; its classification as such being dependent upon specific legislative enactment, or, as aptly put by the respondent, state moneys means money the state, in its sovereign capacity, is authorized to receive, the source of its authority being the Legislature. Id.,
at 700.
See also the definitions of the term "revenue" found in Buechner v.Bond, 650 S.W.2d 611, 613 (Mo.Banc 1983), and State Highway Commissionv. Spainhower, 504 S.W.2d 121, 127 (Mo. 1973).
Sections 144.700.1 and 144.701, RSMo Supp. 1984, require the deposit of the "Proposition C" moneys by the State Treasurer into a special trust fund known as the School District Trust Fund. Section 144.701, RSMo Supp. 1984, requires the appropriation of the "Proposition C" moneys by the General Assembly. Section144.701, RSMo Supp. 1984, imposes certain duties upon the State Treasurer relating to the investment, deposit, and distribution of the School District Trust Fund.
"Proposition C" moneys are deposited in the State Treasury, are invested and distributed by the State Treasurer, and are appropriated by the General Assembly. The deposit of "local" funds in the State Treasury may be in violation of Article IV, Section 15, Missouri Constitution, which prohibits the imposition of any duty on the State Treasurer which is not related to the receipt, investment, custody, and disbursement of state funds. We do not opine on that question. Cf. Sections 67.525, 67.570
and 67.594, RSMo Supp. 1984, relating to county sales taxes.[1]
If we assume, for purposes of this opinion, that "Proposition C" moneys are local in nature, then Section 30.240, RSMo Supp. 1984, has no application because it applies only to state funds. Interest earned on local funds would belong to local entities.
On the other hand, even if we assume that "Proposition C" moneys are state funds, we conclude that Section 30.240, RSMo Supp. 1984, does not direct that interest earned on the School District Trust Fund is to be credited to the State's General Revenue Fund.
The common law rule is that interest on public funds designated for a specific purpose follows those funds in the absence of an unequivocal legislative expression otherwise. State exrel. Fort Zumwalt School District v. Dickherber, 576 S.W.2d 532,537 (Mo.Banc 1979); State ex rel. School District of SpringfieldR-12 v. Wickliffe, 650 S.W.2d 623 (Mo.Banc 1983); and State HighwayCommission v. Spainhower, 504 S.W.2d 121 (Mo. 1973). Seealso Opinion No. 76, Jaeger, 1971 (Interest on the Dr. Edmund A. Babler Memorial State Park Fund credited to such fund) and Opinion No. 84, Fine, 1965 (which, relying on Board of Public Buildings v.Crowe, 363 S.W.2d 598 (Mo.Banc 1963), concluded that interest earned on state park revenue bond sinking funds is credited to such funds).
Section 30.240, RSMo Supp. 1984, generally directs that "[u]nless otherwise provided by law, . . ." the interest earned from the deposit or investment of state moneys is to be credited to the State's General Revenue Fund. Section 144.700, RSMo Supp. 1984, provides that revenue derived from the "Proposition C" moneys shall be held in the School District Trust Fund. Section 144.701, RSMo Supp. 1984, states that all revenue derived from the "Proposition C" moneys shall be deposited in the School District Trust Fund. In State Highways and Transportation Commission of Missouri v.Director, Missouri Department of Revenue, 672 S.W.2d 953, 955 (Mo. Banc 1984) (quoting, Webster's Third New International Dictionary (1976)), the court indicated that the word "derivative" means "`secondary: grows out of, or results from an earlier or fundamental state or condition.'"
Interest grows out of the corpus of the fund, and thus interest earned on the School District Trust Fund is derived from such fund. Sections 144.700 and 144.701, RSMo Supp. 1984, are laws that "otherwise provide" for the disposition of interest earned on the School District Trust Fund for purposes of Section30.240, RSMo Supp. 1984. Sections 144.700 and 144.701, RSMo Supp. 1984, require the interest earned on the School District Trust Fund be credited to such fund and distributed pursuant to Section163.087, RSMo Supp. 1984.
Finally, we note that your question involves legal issues which are difficult to resolve and about which reasonable men may differ. It is our view, however, that, all considered, the conclusion we reach is consistent with the intent of the voters and the General Assembly.
CONCLUSION
It is the opinion of this office that Sections 144.700 and144.701, RSMo Supp. 1984, require all revenue derived from tax money deposited in the School District Trust Fund, Section 144.701, RSMo Supp. 1984, including interest derived from such fund, to be credited to the School District Trust Fund and distributed in the manner provided by Section 163.087, RSMo 1984.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] The "local funds" language of Sections 144.701 and 163.087.3, RSMo Supp. 1984, was apparently drafted in an attempt to have these funds omitted from the calculation of the State's revenue and spending limits in the Hancock Amendment, Article X, Sections 18(a) and20, Missouri Constitution. The Supreme Court of Missouri has determined that these funds are not subject to the Hancock Amendment's revenue and spending limits upon other grounds. Dirck v. State,665 S.W.2d 615 (Mo.Banc 1984); Goode v. Bond, 652 S.W.2d 98 (Mo.Banc 1983).